**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MARQUES POOLE**                                                                                    **PETITIONER**

**VS.**                     **CASE NO.: 5:15CV00061 BRW/BD**

**WENDY KELLEY**[1]**, Director,
Arkansas Department of Correction**                                                 **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I**.     **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to this Recommendation within fourteen (14) days. If you file objections, they must be specific and must include the factual or legal basis for your objection.

If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**     **Discussion**

On November 13, 2012, Mr. Poole, who was represented by counsel, pleaded guilty to first degree murder, with an enhancement for being in the presence of a child. He also pleaded guilty to being a felon in possession of a firearm. (#9-3, #9-4) A

---

[1]The Clerk is instructed to correct the docket to reflect the correct spelling of Director Kelley's name.

judgment and commitment order was filed in the Circuit Court of Desha County, Arkansas, on November 14, 2012, sentencing Mr. Poole to a total of seventy years in the Arkansas Department of Correction ("ADC").  (#9-4)

On February 15, 2013, Mr. Poole filed a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Civil Procedure.  (#9-5, #9-7 at p. 12)   According to the docket sheet, the trial court has never ruled on the petition.  (#9-7 at p. 12)

Mr. Poole filed this petition for writ of habeas corpus on February 25, 2015, alleging: (1) that he was denied an affirmative defense set forth in Arkansas Criminal Procedure 24.3(b) when his trial counsel failed to file a motion to suppress or motion in limine and did not pursue a conditional plea; (2) that his plea was not knowing and intelligent because his counsel failed to advise him of his right to enter a conditional guilty plea; and (3) that he was denied assistance of counsel during the Rule 37 process.

ADC Director, Wendy Kelley, has responded to the petition, arguing that Mr. Poole's Rule 37 petition was not timely filed under the Arkansas Rules of Criminal Procedure and noting that untimely State petitions, though still pending, do not toll the one-year limitations period under 28 U.S.C. § 2244(d)(1).  Alternatively, she argues that Mr. Poole procedurally defaulted his claims and that his claims lack merit.

According to the docket sheet attached by Respondent, Mr. Poole's Rule 37 petition has been pending in the state court for over two years.  (#9-7 at p. 12)  It also appears, however, that neither Mr. Poole nor the state has asked the trial court for a ruling

on the petition. (*Id.*) Such a request is in order. If the state court denies his request for a ruling on the petition, there are other state remedies available to Mr. Poole, such as a petition for writ of mandamus filed with the Arkansas Supreme Court. See ARK. SUP. CT. RULE 6-1.

In the interest of comity, Arkansas courts should have an opportunity to determine the timeliness of the post-conviction petitions pending in state court. It is especially appropriate considering that the question of timeliness is controlled by Arkansas procedural rules. Accordingly, Mr. Poole's habeas petition (#2) should be dismissed, without prejudice, so that he can seek a ruling on the timeliness of his Rule 37 petition in state court.

If after pursuing all of his state court remedies, Mr. Poole still has not obtained a ruling on his pending petition, then he may return to this Court asking that his failure to exhaust be excused under 28 U.S.C. § 2254(b)(1)(B).

### III. <u>Certificate of Appealability</u>

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Poole has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Poole has not provided a basis for issuing a certificate of appealability.

## IV.     Conclusion

The Court recommends that Mr. Poole's petition for writ of habeas corpus be dismissed, without prejudice.

DATED this 13th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE